**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **BUSH TRUCK LEASING, INC.,** | ) | Case No.  1:20-cv-00511-SJD-KLL |
| | ) | |
| **Plaintiff,** | ) | Judge Susan J. Dlott |
| | ) | |
| **-v-** | ) | Magistrate Judge Karen L. Litkovitz |
| | ) | |
| **ALL WAYS AUTO TRANSPORT, LLC,** | ) | JOINT DISCOVERY PLAN |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Pretrial Procedure Outline. The parties conducted their discovery conference on October 20, 2020.

1. **MAGISTRATE CONSENT**

The Parties:

☐ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

☒ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

☐ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial settings, civil or criminal).

1

2. **RULE 26(A) DISCLOSURES**

☒ There are no changes that need to be made in the timing, form, or requirement for disclosures under Rule 26(a). All disclosures required by Rule 26(a)(1) have been made by the parties hereto or will be made by the time of the scheduled Preliminary Pretrial Conference.

☐ The parties agree to delay the initial disclosure until_____. The purpose of delay is

☐ to give the Court time to rule on the pending dispositive motion.

☐ _____.

3. **DISCOVERY ISSUES AND DATES**

A. Describe the subjects on which discovery is to be sought and the nature, extent, and scope of discovery that each party needs to: (i) make a settlement evaluation; (ii) prepare for case dispositive motions; and (iii) prepare for trial:

**Plaintiff believes discovery (including written discovery, document production, and depositions) will be necessary on topics including, but not limited to: Defendant's efforts to refer independent contractors to Plaintiff; Defendants efforts to re-seat defaulted vehicles; Defendant's efforts to identify and repossess vehicles; Defendant's maintenance and repair of defaulted vehicles; Defendant's payroll deductions from independent contractors related to Plaintiff's goods or services; Defendant's communications with its independent contractors on issues relevant to the Complaint; Defendant's internal policies and procedures for educating management on maintenance, repair, recruitment, and satisfaction of leases related to plaintiff's vehicles; Defendant's internal communications relating to Plaintiff and the issues in the Complaint; Plaintiff's claims in the Complaint; and Defendant's Counterclaims and Plaintiff's defenses thereto.**

**Defendant believes discovery (including written discovery, document production, and depositions) will be necessary on topics including, but not limited to: The agreements between Plaintiff and Defendant's independent contractors/drivers; Plaintiff's maintenance program and the representations relating thereto; all documents relating to the repairs of the trucks owned by Defendant's independent contractors/drivers and any communications relating thereto; Plaintiff's Complaint and the Defendant's defenses thereto; and Defendant's Counterclaim.**

**The Parties believe that at the conclusion of discovery and dispositive motion briefing, a settlement evaluation can be completed. If the case proceeds past the dispositive motion phase and there is an impasse regarding settlement, the parties may prepare for trial.**

B. Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or

forms in which it should be produced.

    _____Yes
    \_\_\_\_X\_\_\_\_\_No

(i) The parties have electronically stored information in the following formats:

(ii) The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

**The parties will meet and confer to agree upon a proposed ESI protocol and form of production. The parties expect to work, in good faith, through any ESI-related issues as they arise.**

**The parties reserve the right to object to the production of ESI metadata or other production requests as overly broad, unduly burdensome, and seeking information that is not relevant to any party's claim or defense or proportional to the needs of the case.**

    C.    Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

    \_\_\_\_X\_\_\_\_Yes

    _____No

(i) The case presents the following issues relating to claims of a privilege or of protection as trial preparation materials:

N/A

(ii) Have the parties agreed on a procedure to assert such claims AFTER production?

    _____Yes

    \_\_\_X\_\_\_\_\_No

    _____Yes, and the parties ask that the Court include the following agreement in the scheduling order:

**The parties agree to negotiate and present to the Court for review and entry a proposed Stipulated Protective Order in accordance with the Court's model template. The Parties**

**anticipate the proposed Order would also address the claw back/return of inadvertently produced privileged or work product materials.**

- D. The parties recommend that discovery

  ☒ need not be bifurcated

  ☐ should be bifurcated between liability and damages should be

  ☐ bifurcated between factual and expert

  ☐ should be limited in some fashion or focused upon particular issues which relate to

- E. Parties' Rule 26(a)(2) disclosures and reports: **May 28, 2021**

- F. Parties' rebuttal disclosures and reports: **July 27, 2021**

- G. Discovery cutoff **September 15, 2021**

- H. Anticipated discovery problems

  ☐ _____.

  ☒ None

4. **LIMITATIONS ON DISCOVERY**

   A. Changes in the limitations on discovery

   ☐ Extension of time limitations (currently one day of seven hours) in taking of depositions to _____.

   ☐ Extension of number of depositions (currently 10) permitted to _____.

   ☐ Extension of number of interrogatories (currently 25) to _____.

   ☐ Other

   ☒ None

   B. Protective Order

   ☒ A protective order will likely be submitted to the Court on or before 11/30/20.

☐ The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will be in compliance with *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299 (6th Cir. 2016).

5. **OTHER COURT ORDERS UNDER RULE 26(C) OR RULE 16(B) AND (C)**

☐ The plaintiff anticipates the need for the Court to set a deadline to allow for the amendment of the complaint to

    ☐ add parties.

    ☐ add additional claims.

    ☐ add factual allegations to support original claim(s).

☒ **The parties reserve the right to amend their respective pleadings, as necessary, based on the facts and evidence obtained during the course of discovery.**

Respectfully submitted,

*/s/ Jacob D. Rhode*
Jacob D. Rhode (0089636), Trial Attorney
Joseph B. Womick (0097743)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
jwomick@kmklaw.com
Phone: (513) 579-6528
Fax: (513) 579-6457

*Counsel for Plaintiff*
*Bush Truck Leasing, Inc.*

*/s/ Rick L. Ashton* (per email authority)
Rick L. Ashton (0077768), Trial Attorney
Jeffrey R. Corcoran (0088222)
Allen Stovall Neuman Fisher & Ashton LLP
17 South High Street, Suite 1220
Columbus, OH 43215
T: 614-221-8500 F: 614-221-5988
ashton@asnfa.com; corcoran@asnfa.com
and

*/s/ Robert S. Reda* (per email authority)
Robert S. Reda (pro hac vice)
Reda & Des Jardins, LLC
736 N. Western Avenue, Suite 353
Lake Forest, Illinois 60045
T: (877) 809-4567
F: (224) 232-8897
Email: service@rdlawyers.com

*Counsel for Defendant All Ways Auto Transport, LLC*