IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Bush Truck Leasing, Inc., : | |
| : | Case No. 1:20-cv-511 |
| Plaintiff, : | |
| : | Judge Susan J. Dlott |
| v. : | |
| : | Order Adopting Report and |
| All Ways Auto Transport, LLC, : | Recommendation and Granting in Part |
| : | and Denying in Part Motion to Dismiss |
| Defendant. : | |

This matter is before the Court on Plaintiff Bush Truck Leasing, Inc.'s Motion to Dismiss (Doc. 16) the Counterclaims filed by Defendant All Ways Auto Transport, LLC. Magistrate Judge Karen L. Litkovitz issued a Report and Recommendation (Doc. 38) recommending that Count II of the Counterclaims be dismissed, but that Counts I, III, and IV of the Counterclaims not be dismissed. Bush Truck Leasing and AWA Transport both initially filed Objections to the Report and Recommendation, but the parties then filed a Joint Notice of Withdrawal of Objections to the Report and Recommendation. (Docs. 41–42, 45.)

The Federal Rules of Civil Procedure allow a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts do not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

Magistrate judges are authorized to decide dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The district judge must conduct a *de novo* review of a magistrate judge's recommendation on a dispositive

1

motion to which an objection has been made. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). "The district court need not provide *de novo* review where the objections are frivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (cleaned up). The parties have withdrawn their Objections in this case.

AWA Transport's Counterclaims are based on its allegations that Bush Truck Leasing failed to fulfill maintenance-related representations it made to AWA Transport. The Magistrate Judge concluded that the maintenance-related representations allegedly made by Bush Truck Leasing were not part of the fully-integrated Program Agreement between the parties, and therefore, could not be the basis for a breach of contract claim. She recommended dismissing Count II—the breach of contract claim—on that basis. However, she concluded that the alleged failure to fulfill the maintenance-related representations could be the basis for fraud, unjust enrichment, and violation of the Ohio Deceptive Trade Practices Act claims that AWA Transport asserted in Counts I, III, and IV of the Counterclaims, respectively. Given the Magistrate Judge's cogent analysis and the lack of Objections by the parties, the Court will **ADOPT** the Report and Recommendation (Doc. 38). Plaintiff's Motion to Dismiss (Doc. 16) is **GRANTED IN PART AND DENIED IN PART**. Count II of the Counterclaims is **DISMISSED**.

**IT IS SO ORDERED.**

BY THE COURT:

*Susan J. Dlott*
Susan J. Dlott
United States District Judge