UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BUSH TRUCK LEASING, INC.,      Case No. 1:20-cv-511
    Plaintiff,      Dlott, J.
     Litkovitz, M.J.

vs.

ALL WAYS AUTO TRANSPORT, LLC,      **ORDER**
    Defendant.

This matter is before the Court on objections to various discovery requests. The Court conducted a telephone conference on August 12, 2022, and continued the matter for an in-person discovery conference on August 23, 2022.

For the reasons stated at the August 23, 2022 conference, it is **ORDERED** that:

1. Plaintiff's objection to defendant's interrogatory 16 is **OVERRULED** and plaintiff shall supplement its response with sworn, verified interrogatory responses as to subparts (a), (b), (d), and (e). As to subpart (c), plaintiff agrees to identify the Bates-numbers corresponding to repair invoices for each of the vehicles identified on the exhibit attached to plaintiff's First Supplemental Rule 26(a)(1) Initial Disclosures dated December 29, 2021 (LeaseID exhibit).

2. Defendant's objection to plaintiff's interrogatory 5 is **OVERRULED** and defendant will supplement its response for each of the vehicles identified on the LeaseID exhibit.

3. Defendant's objection to plaintiff's interrogatory 9 is **OVERRULED** subject to the following clarification: defendant shall identify all instances where "the arrangement between [defendant] and a[n] Independent Contractor [wa]s

terminated, or . . . a[n] Independent Contractor [wa]s unexplainably absent for more than 10 days[.]" (Doc. 1-1 at PAGEID 16, ¶ 5(ii)(b)).

4. Defendant's objection to plaintiff's interrogatory 12 is **OVERRULED** and defendant shall supplement with a sworn, verified interrogatory response identifying particular emails and conversations that included the allegedly false or misleading representations made by plaintiff.

5. Defendant shall supplement its response to plaintiff's interrogatory 13 as to the damages categories (2)-(5) identified in defendant's response. The parties acknowledge that the information requested related to damages category (1) will be solely in the form of expert testimony and that the underlying factual information upon which the expert will base her opinion will be produced to plaintiff.

6. Defendant's requests for the Court's ruling as to plaintiff's responses to defendant's production requests 18, 19, and 129 are **WITHDRAWN**.

7. Defendant's requests for the Court's ruling on plaintiff's objections to its production requests 123, 124, and 125 are **HELD IN ABEYANCE** to afford plaintiff's counsel an opportunity discuss with his client the production of its agreement with Dickinson Fleet Services notwithstanding a confidentiality provision included therein. Plaintiff's counsel represented to the Court that he would discuss this matter with his client immediately. If plaintiff's counsel is unable to produce the agreement between plaintiff and Dickinson Fleet Services LLC to defendant, the parties shall notify the Court that a further ruling is necessary.

8. Plaintiff's objections to defendant's production requests 126 and 127 are **OVERRULED in part** and plaintiff shall supplement its response by providing repair and/or maintenance agreements between plaintiff and Pinnacle, Dickinson Fleet Services, Corcentric, Snider Fleet Solutions, TA Truck Service, and AmeriQuest, if any.

9. Plaintiff's objection to defendant's production request 20 is **SUSTAINED**.

10. Defendant agreed to withdraw its request for the Court's ruling on plaintiff's objections to its production requests 21 and 22 for purposes of the discovery conference.

11. Plaintiff's objections to defendant's production requests 24-28 are **SUSTAINED**.

12. Plaintiff's objections to defendant's production requests 31-122 are **SUSTAINED** to the extent that defendant seeks information concerning the acquisition of the vehicles on the LeaseID exhibit. Plaintiff has previously produced documents reflecting the odometer readings of the vehicles when leased. Plaintiff is not required to provide any further supplementation.

13. Defendant's objection to plaintiff's production request 19 is **OVERRULED** and defendant shall supplement its response by producing: (a) any master lease agreements between defendant and companies other than plaintiff (including Ryder), and (b) all subleases between defendant and its drivers. Defendant's supplement shall include applicable documents from 2016 through the present (i.e., after mid-2020).

14. Defendant's objection to request 1 in plaintiff's Second Request for Production, as amended, is **OVERRULED**.

15. Defendant's objection to request 3 in plaintiff's Second Request for Production, as amended, is **SUSTAINED**; defendant shall produce the requested documents related to maintenance and/or repair expenditures beginning in 2016 and not 2011.

Unless otherwise noted, all supplementation and production referenced in this Order shall be completed on or before **September 9, 2022**.

Date: 8/24/2022

Karen L. Litkovitz
United States Magistrate Judge