**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BUSH TRUCK LEASING, INC.,                    Case No. 1:20-cv-511
    Plaintiff,                                   Dlott, J.
                                              Litkovitz, M.J.

    vs.

ALL WAYS AUTO TRANSPORT, LLC,          **ORDER**
    Defendant.

This matter is before the Court following an informal discovery conference conducted via Zoom on October 27, 2022.  The parties informed the Court that the first dispute—production of defendant's master lease agreement with Ryder—was resolved prior to the conference.  The Court therefore addresses only the parties' disputes regarding defendant's alleged damages and plaintiff's agreement with Dickinson Fleet Services (Dickinson).

**I.  Defendant's alleged damages**

Following a prior in-person discovery conference held August 23, 2022, the Court ordered defendant to supplement their response to plaintiff's interrogatory 13, which concerned defendant's alleged damages, by September 9, 2022.  (*See* Doc. 57 at PAGEID 489, 491).  Defendant produced a "summary of losses," which lists five categories of damages: (1) lost profits, (2) truck payments, (3) repairs, (4) driver's debt, and (5) additional expenses.  Plaintiff argues that defendant must produce the documents used to create this summary, i.e., the underlying factual information.  For the reasons stated at the October 27, 2022 conference, the Court **ORDERS** as follows:

    1.  With respect to category (2), defendant shall produce a record(s), made in the ordinary course of business, demonstrating the weekly payments defendant made to plaintiff during the course of their business relationship.

2.  With respect to category (3), defendant has produced a 1,300-page PDF document of repair expense documentation.  Defendant's counsel shall confer with his client to confirm whether the 1,300-page PDF document is organized by VIN number.  Defendant's counsel shall also confer with his client to determine whether the separate documents used to compile the 1,300-page PDF document continue to exist as separate documents and, if so, shall send those separate documents to plaintiff's counsel.

3.  Defendant agrees that the underlying factual information related to categories (1), (4), and (5) must be produced.  Within three weeks of the entry of this Order, the parties agree to jointly submit a proposed amended calendar order that extends the written discovery deadline.  In the interim, the current scheduling Order (Doc. 52) is hereby **VACATED**.

4.  Plaintiff is not required to issue additional and more specific discovery requests to be entitled to the factual information underlying defendant's alleged damage calculations.

## II.  Dickinson agreement

In its Order following the August 23, 2022 conference, the Court held in abeyance its ruling on plaintiff's objections to defendant's production requests 123, 124, and 125 regarding plaintiff's agreement with Dickinson.  (*See* Doc. 57 at PAGEID 489).  Plaintiff then produced a redacted copy of the agreement.  At the October 27, 2022 informal discovery conference, plaintiff's counsel represented that he was not authorized by Dickinson's counsel to produce an unredacted copy of this agreement due to a mutual confidentiality agreement—notwithstanding an "Exception for Legal Proceedings" provision therein and the stipulated protective order entered in this case (Doc. 21).

For the reasons stated at the October 27, 2022 conference, the Court **ORDERS** that:

1.  Plaintiff's objections to production requests 123, 124, and 125 are **OVERRULED**, and plaintiff shall produce an unredacted copy of the Dickinson agreement.  This element of the Court's Order, however, is **HELD IN ABEYANCE** for fourteen days following the entry of this Order to afford Dickinson an opportunity to intervene on this basis. Counsel for plaintiff shall notify counsel for Dickinson of this Order.

The Court shall hold a follow-up status conference via Zoom on **December 13, 2022 at 3:00 p.m.**

Date: 10/27/2022

Karen L. Litkovitz
United States Magistrate Judge