UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BUSH TRUCK LEASING, INC.,            Case No. 1:20-cv-511
    Plaintiff,                                  Dlott, J.
                                                          Litkovitz, M.J.
    vs.

ALL WAYS AUTO TRANSPORT, LLC,        **ORDER**
    Defendant.

This matter is before the Court on plaintiff Bush Truck Leasing, Inc.'s (BTL's) motion for leave to file defendant All Ways Auto Transport, LLC's (AWA's) expert report and related materials under seal. (Doc. 106). BTL seeks to file these documents in support of its motion to exclude expert report and testimony of Rebekah Smith. (Doc. 107).[1] In particular, BTL seeks to file the following documents under seal:

- October 6, 2023 Expert Report of Rebekah A. Smith, together with its exhibits, designated as "CONFIDENTIAL" by AWA;

- October 16, 2023 Supplemental "Exhibit B" to the Expert Report of Rebekah A. Smith, designated as "CONFIDENTIAL" by AWA;

- "Ryder Revenue Summaries" containing information considered in support of Ms. Smith's October 6, 2023 Expert Report.

Plaintiff's motion for leave to file under seal does not indicate AWA's position on its motion for leave to file under seal. BTL indicates that its motion is premised on the designation of these documents as "CONFIDENTIAL" by AWA pursuant to the Stipulated Protective Order entered in this case (Doc. 21).

**I.     Standard of Review**

---

[1] This motion indicates that exhibits 6, 8, and 9 are to be filed under seal upon order of the Court.

Under Local Rule 5.2.1(a), "parties may not file documents under seal without obtaining leave of Court upon motion and for good cause shown." A court's discretion to seal its own records and files is limited by the "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). *See also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files."). This openness presumption owes to the public's "strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon for its decisions. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (quoting *Brown & Williamson*, 710 F.2d at 1180-81). The party seeking to seal court records carries the heavy burden of overcoming this presumption, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)). Additionally, the Court is required to set forth specific findings and conclusions justifying the sealing of records—regardless of whether a party objects. *Id.* at 306.

To justify sealing records, the proponent must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Group*, 825 F.3d at 305). The proponent must also "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Intern., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)).

As relevant here, the Sixth Circuit recognizes certain content-based exceptions to the presumption of openness related to "certain privacy rights of participants or third parties. . . ." *Brahmamdam v. TriHealth, Inc.*, No. 1:19-cv-152, 2021 WL 5005368, at *2 (S.D. Ohio Oct. 27, 2021) (quoting *Brown & Williamson*, 710 F.2d at 1179).  In the context of civil litigation, this exception is generally limited to "only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence. . . ." *Id.* (quoting *Reese on Behalf of Fifth Third Bancorp v. Carmichael*, No. 1:20-cv-886, 2020 WL 6810921, at *1 (S.D. Ohio Nov. 16, 2020)).

## II. Analysis

BTL's motion for leave to file documents under seal does not meet the standard set forth above.  To the extent that AWA objects to BTL's filing the above-referenced documents on the public docket, AWA is **ORDERED** to respond to BTL's motion (Doc. 106) within **seven (7) days** of the date of this Order, explaining, with specificity, why the documents should be sealed pursuant to the factors articulated by the Sixth Circuit in *Shane Group*.  There is a heavy burden associated with overcoming the presumption of openness; the proponent of sealing must justify its position document-by-document with reference to specific reasons and/or legal citations. *Shane Grp.*, 825 F.3d at 305-06.  AWA's response to BTL's motion must be sufficiently specific to allow the Court to, in turn, set forth specific findings and conclusions justifying the sealing of each document—regardless of whether the parties agree to sealing the documents at issue. *Id.* at 306.

Moreover, the Court recognizes there may be a compelling interest in maintaining the confidentiality of certain documents.  It is not the Court's prerogative to assume, however, that

the entirety of each of the above-referenced documents must be sealed. To do so would reflect consideration of only the first of the three *Shane Group* factors. *See Kondash*, 767 F. App'x at 637. Further, the fact that these documents may have been marked "CONFIDENTIAL" and produced pursuant to a protective order does not justify their sealing. In *Shane Group*, the sole justification offered for sealing documents was that the filings included materials "designated as a confidential" pursuant to a joint protective order. *Shane Grp.*, 825 F.3d at 306. The Sixth Circuit held that such reasoning was "inadequate" to seal the documents at issue because it was "brief" and "perfunctory." *Id.* The Court of Appeals stated, "In sealing all these documents and exhibits, the parties and the district court plainly conflated the standards for entering a protective order under Rule 26 with the vastly more demanding standards for sealing off judicial records from public view." *Id.* at 307. The Sixth Circuit explained that "a mere protective order [that] restricts access to discovery materials is not reason enough, as shown above, to seal from public view materials that the parties have chosen to place *in the court record*." *Id.*

Accordingly, AWA is **ORDERED** to respond to BTL's motion for leave to file under seal (Doc. 106) within **seven (7) days** of the date of this Order in a manner consistent with the law summarized above if it objects to the above-referenced documents being filed on the public docket.

**IT IS SO ORDERED**.

Date: 11/28/2023

Karen L. Litkovitz
United States Magistrate Judge