UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BUSH TRUCK LEASING, INC.,          Case No. 1:20-cv-511
    Plaintiff,                                              Dlott, J.
                                                           Litkovitz, M.J.
    vs.

ALL WAYS AUTO TRANSPORT, LLC,      **ORDER**
    Defendant.

This matter is before the Court on plaintiff Bush Truck Leasing, Inc.'s (BTL's) motion for leave to file defendant All Ways Auto Transport, LLC's (AWA's) expert report and related materials under seal. (Doc. 106). AWA designated these documents as "CONFIDENTIAL" pursuant to the parties' Stipulated Protective Order (Doc. 21). BTL seeks to file these documents in support of its motion to exclude expert report and testimony of Rebekah Smith. (Doc. 107). BTL's motion (Doc. 106) did not satisfy the applicable legal standard for sealing documents. As such, the Court ordered AWA to file a response in support of sealing its designated "CONFIDENTIAL" documents if it objected to these documents being filed on the public docket. (Doc. 108). AWA's response followed. (Doc. 109).[1]

**I.**      **Standard of Review**

Under the Court's local rules, "parties may not file documents under seal without obtaining leave of Court upon motion and for good cause shown." S.D. Ohio Civ. R. 5.2.1(a). A court's discretion to seal its own records and files is limited by the "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165,

---

[1] AWA also filed a motion to temporarily seal a document filed by BTL on the public docket (Doc. 107 at Ex. 1) that AWA inadvertently had not marked as "CONFIDENTIAL." (Doc. 110). For the reasons discussed *infra*, this exhibit will be permanently sealed and the motion to temporarily seal is it therefore **DENIED as moot**.

1179 (6th Cir. 1983)). *See also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files."). This openness presumption owes to the public's "strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon for its decisions. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (quoting *Brown & Williamson*, 710 F.2d at 1180-81). The party seeking to seal court records carries the heavy burden of overcoming this presumption, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)). Additionally, the Court is required to set forth specific findings and conclusions justifying the sealing of records—regardless of whether a party objects. *Id.* at 306.

To justify sealing records, the proponent must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Group*, 825 F.3d at 305). The proponent must also "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Intern., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)).

As relevant here, the Sixth Circuit recognizes certain content-based exceptions to the presumption of openness related to "certain privacy rights of participants or third parties. . . ." *Brahmamdam v. TriHealth, Inc.*, No. 1:19-cv-152, 2021 WL 5005368, at *2 (S.D. Ohio Oct. 27, 2021) (quoting *Brown & Williamson*, 710 F.2d at 1179). In the context of civil litigation, this exception is generally limited to "only trade secrets, information covered by a recognized

privilege, and information required by statute to be maintained in confidence. . . ." *Id.* (quoting *Reese on Behalf of Fifth Third Bancorp v. Carmichael*, No. 1:20-cv-886, 2020 WL 6810921, at *1 (S.D. Ohio Nov. 16, 2020)).

## II. Argument

AWA clarified in its response that it objects to the following exhibits to BTL's motion to exclude (Doc. 107) being filed on the public docket:

- Exhibit 1: a spreadsheet containing detailed revenue information for BTL trucks at issue.
- Exhibit 9: total revenue from trucks leased from Ryder.

(*See* Doc. 109 at PAGEID 1061). AWA also seeks only partial redaction of Exhibit 6 (Ms. Smith's expert report), including Ms. Smith's estimates of lost profit damages, her revenue and lost revenue projections, and AWA's incremental cost or expense estimates (*see* Doc. 109-2 at PAGEID 1071, 1074-76)—as well as exhibits on which Ms. Smith relied for her opinion (*id.* at PAGEID 1086-93).[2]

AWA argues that it has a compelling interest in protecting the above-referenced information from disclosure because it relates to AWA's revenues, expenses, and profits. AWA argues that disclosure could harm its competitive advantage as well as its negotiating position with customers. AWA argues that the public-interest factor weighs against disclosure of this information because BTL's lawsuit is based on the Program Agreement between the parties, and the discovery motion at issue does not address the underlying merits of the parties' claims. As such, AWA argues that the financial information at issue is not necessary to the public's understanding of the Court's ultimate merits disposition. Finally, AWA argues that it has

---

[2] Based on the context of Ms. Smith's report, these exhibits include her detailed calculations of the revenues AWA believes it should have achieved based on vehicles leased from Ryder (Ex. C); lost revenues calculated with unleased periods excluded (Ex. D); and lost revenues with unleased periods included (Ex. E).

narrowly tailored its request to only those exhibits and portions of exhibits that relate to its revenues, expenses, and profits.

### III. Resolution

BTL's motion (Doc. 106) is **GRANTED** for the purpose of supporting its motion to exclude (Doc. 107). "This Court has repeatedly 'recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings.'" *Total Quality Logistics, LLC v. Riffe*, No. 1:19-cv-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020) (quoting *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-cv-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017)). Moreover, "this Court has held that there is minimal harm to the public interest if the public 'will not need to view the parties' highly confidential business information to understand the events giving rise to the dispute, or the arguments made in that motion.'" *Reliant Cap. Sols., LLC v. Ram Payment, LLC*, No. 2:22-cv-03047, 2022 WL 16569215, at *2 (S.D. Ohio Nov. 1, 2022) (quoting *London Comp. Sys., Inc. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 WL 4110516, at * 4 (S.D. Ohio Aug. 29, 2019)). Finally, a request is narrowly tailored when it is "no broader than necessary to address the compelling reasons for non-disclosure." *Id.* at *3.

The Court finds that all three prongs of the sealing analysis are satisfied as it pertains to these exhibits and portions thereof. These documents and redactions contain—or are directly drawn—from raw, internal AWA data, and the Court finds compelling reasons to restrict the public's access. It also does not appear that this detailed, technical information will be necessary to the public's understanding of the Court's disposition of the pending motion (Doc. 107). Finally, the sealing and redactions at issue are "no broader than necessary to address the

4

compelling reasons for non-disclosure." *Reliant Cap. Sols., LLC*, 2022 WL 16569215, at *2 (quoting *London Comp. Sys., Inc.*, 2019 WL 4110516, at * 4).

The Court emphasizes, however, that this ruling is limited to sealing the documents in relation to BTL's motion to exclude (Doc. 107). As acknowledged by AWA, the public's interest in at least some of the information sealed by this Order is likely to weigh more heavily at the merits phase of this case. AWA will be required to prove their estimated damages, and some of this information may be necessary to the public's understanding of the Court's ultimate resolution. If the parties seek to rely on these documents in a different capacity, the Court reserves the right to re-examine its conclusion here.

**IT IS SO ORDERED**.

Date: 12/12/2023

Karen L. Litkovitz
United States Magistrate Judge