UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BUSH TRUCK LEASING, INC., <br>     Plaintiff, <br><br> vs. <br><br> ALL WAYS AUTO TRANSPORT, LLC, <br>     Defendant. | Case No. 1:20-cv-511 <br> Dlott, J. <br> Litkovitz, M.J. <br><br><br> **ORDER** |

This matter is before the Court on defendant/counter-plaintiff All Ways Auto Transport, LLC's (AWA's) motions for leave to (1) exceed the page limit for its memorandum in support of its motion for partial summary judgment (Doc. 164) and (2) file documents under seal (Doc. 165). Non-party Dickinson Fleet Services, LLC (Dickinson) and plaintiff/counter-defendant Bush Truck Leasing, Inc. (Bush) filed memoranda in support of AWA's motion for leave to file documents under seal (Docs. 172, 173).

### I. Excess Pages

Under District Judge Dlott's Standing Order on Civil Procedures § I.E.1.d, a party must obtain leave of court before filing a brief exceeding 20 pages. The party's request must set forth the reasons additional pages are required and the number of additional pages needed. AWA explains that it seeks five additional pages to address seven claims, counterclaims, and affirmative defenses arising from a complex commercial dispute with millions of dollars in alleged damages. There is no opposition to the motion. As such, and in the interest of a robust analysis of the issues, AWA's motion (Doc. 164) is **GRANTED**.

### II. Motion to Seal

    A. <u>Standard of Review</u>

Under the Court's local rules, "parties may not file documents under seal without obtaining leave of Court upon motion and for good cause shown." S.D. Ohio Civ. R. 5.2.1(a). A

court's discretion to seal its own records and files is limited by the "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). *See also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files."). This openness presumption owes to the public's "strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon for its decisions. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (quoting *Brown & Williamson*, 710 F.2d at 1180-81). The party seeking to seal court records carries the heavy burden of overcoming this presumption, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)). Additionally, the Court is required to set forth specific findings and conclusions justifying the sealing of records—regardless of whether a party objects. *Id.* at 306.

To justify sealing records, the proponent must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Group*, 825 F.3d at 305). The proponent must also "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Intern., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)).

As relevant here, the Sixth Circuit recognizes certain content-based exceptions to the presumption of openness related to "certain privacy rights of participants or third parties. . . ."

2

*Brahmamdam v. TriHealth, Inc.*, No. 1:19-cv-152, 2021 WL 5005368, at *2 (S.D. Ohio Oct. 27, 2021) (quoting *Brown & Williamson*, 710 F.2d at 1179). In the context of civil litigation, this exception is generally limited to "only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence. . . ." *Id.* (quoting *Reese on Behalf of Fifth Third Bancorp v. Carmichael*, No. 1:20-cv-886, 2020 WL 6810921, at *1 (S.D. Ohio Nov. 16, 2020)).

    B. <u>Analysis</u>

AWA requests that the Court grant it leave to file under seal unredacted copies of Exhibits 16 and 20, which are confidential agreements between Bush and its vendor, Dickinson. (Doc. 165). Both Bush and Dickinson seek to maintain the confidentiality of the documents and are the proponents of sealing these documents. Exhibit 16 is the "Dickinson Fleet Services Plus Agreement" between Dickinson and Bush. Exhibit 20 is the Statement of Work agreed to by Dickinson and Bush shortly after the execution of the Dickinson Fleet Services Plus Agreement. These documents were exhibits to the deposition of Bush's Rule 30(b)(6) witness. (Doc. 160). The Dickinson Fleet Services Plus Agreement governs the scope and terms of the services that Dickinson agreed to provide to Bush's fleet of trucks.

Regarding the first *Shane Group* element, Dickinson asserts that it negotiated these documents confidentially with Bush; and these documents contain confidential information, competitive pricing, and other protected business terms such as markups, rebates, vendor rates, labor rates, applied discounts, and repair estimates. Bush supports and incorporates these arguments, adding only that it also has a compelling interest in maintaining the confidentiality of these documents because they reflect Bush's business strategies, pricing, and contract terms.

3

The Court finds that Dickinson and Bush have a compelling interest in keeping Exhibits 16 and 20 under seal. "This Court has repeatedly 'recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings.'" *Total Quality Logistics, LLC v. Riffe*, No. 1:19-cv-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020) (quoting *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-cv-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017)). Given Dickinson and Bush's representations that the material contained in Exhibits 16 and 20 contains information that would provide confidential insights into their business strategies, they satisfy the first *Shane Group* element.

Regarding the second *Shane Group* element, Dickinson argues that the public has a limited interest in confidential business information. Dickinson emphasizes that it is not a party to the lawsuit, and these agreements between Dickinson and Bush are not necessary to an understanding of the claims between *AWA* and Bush. Dickinson also argues that its compelling interest in maintaining the confidentiality of the information in Exhibits 16 and 20 outweighs any public interest that may exist. Bush supports and incorporates these arguments, adding only that these are the only two pieces of a significant amount of record evidence before the Court, and this other record evidence will suffice to give the public context to understand the parties' dispute and its ultimate disposition.

Dickinson and Bush satisfy the second *Shane Group* element. The public's interest in Exhibits 16 and 20 is limited because the agreements between Bush and a non-party, Dickinson, are not in dispute; and "it does not appear that the public will need to review the specific contents of the [these exhibits] to understand either the merits of [Bush and AWA's] claims or the arguments for/against summary judgment." *Luxottica of Am. Inc. v. Allianz Glob. Risks US Ins.*

4

*Co.*, No. 1:20-cv-698, 2021 WL 735205, at *3 (S.D. Ohio Feb. 25, 2021). *See also London Comput. Sys., Inc. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) ("[T]he public will not need to view the parties' highly confidential business information to understand the events giving rise to this dispute, or the arguments made in that motion."). Dickinson and Bush's compelling interests in maintaining the confidentiality of these documents outweigh the public's interest in their disclosure.

Finally, as to the third *Shane Group* element, Dickinson argues that its request is narrowly tailored. Dickinson argues that Exhibits 16 and 20 total 19 pages of an otherwise significant evidentiary record. Dickinson emphasizes that over half of the pages in Exhibit 16 are a "Mutual Confidentiality Agreement" between itself and Bush, which has nothing to do with the substance of Bush or AWA's claims and lends further support to the conclusion that the request to seal is narrowly tailored. Bush adopts and incorporates these arguments.

Dickinson and Bush satisfy the final *Shane Group* element. Dickinson and Bush seek to seal only two of dozens exhibits to the deposition of Bush's Rule 30(b)(6) witness. (Doc. 160). *See Vesi Inc. v. Vera Bradley Designs, Inc.*, No. 1:19-cv-696, 2021 WL 5104486, at *2 (S.D. Ohio Nov. 3, 2021) (finding request to seal narrowly tailored where the parties sought to seal only 16 exhibits over three depositions). Given that Exhibits 16 and 20 contain agreements between Bush and a non-party, Dickinson, and these are the only two exhibits they seek to seal in all the parties' summary judgment briefing, the Court finds that the request is narrowly tailored.

For the foregoing reasons, AWA's motion for leave to file Exhibits 16 and 20 under seal

5

(Doc. 165) is **GRANTED**.

  **IT IS SO ORDERED**.

Date: 12/20/2024

              Karen L. Litkovitz
              United States Magistrate Judge