UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BUSH TRUCK LEASING, INC.,     Case No. 1:20-cv-511
    Plaintiff,     Dlott, J.
    Litkovitz, M.J.

vs.

ALL WAYS AUTO TRANSPORT, LLC,     **ORDER**
    Defendant.

This matter is before the Court on plaintiff/counter-defendant Bush Truck Leasing, Inc. (Bush's) motion to file documents under seal. (Doc. 178). Non-party Dickinson Fleet Services, LLC (Dickinson) filed a memorandum in support of Bush's motion. (Doc. 184).

**I.   Motion to Seal**

   A.  <u>Standard of Review</u>

Under the Court's local rules, "parties may not file documents under seal without obtaining leave of Court upon motion and for good cause shown." S.D. Ohio Civ. R. 5.2.1(a). A court's discretion to seal its own records and files is limited by the "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). *See also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files."). This openness presumption owes to the public's "strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon for its decisions. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (quoting *Brown & Williamson*, 710 F.2d at 1180-81). The party seeking to seal court records carries the heavy burden of overcoming this presumption, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville News-*

*Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)). Additionally, the Court is required to set forth specific findings and conclusions justifying the sealing of records—regardless of whether a party objects. *Id.* at 306.

To justify sealing records, the proponent must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Group*, 825 F.3d at 305). The proponent must also "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Intern., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)).

As relevant here, the Sixth Circuit recognizes certain content-based exceptions to the presumption of openness related to "certain privacy rights of participants or third parties. . . ." *Brahmamdam v. TriHealth, Inc.*, No. 1:19-cv-152, 2021 WL 5005368, at *2 (S.D. Ohio Oct. 27, 2021) (quoting *Brown & Williamson*, 710 F.2d at 1179). In the context of civil litigation, this exception is generally limited to "only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence. . . ." *Id.* (quoting *Reese on Behalf of Fifth Third Bancorp v. Carmichael*, No. 1:20-cv-886, 2020 WL 6810921, at *1 (S.D. Ohio Nov. 16, 2020)).

  B. <u>Analysis</u>

Bush's motion is twofold. First, Bush seeks to file a limited portion of Dickinson's Rule 30(b)(6) representative David Henchon's deposition under seal. Second, Bush seeks to file a redacted version of its Rule 26(a)(2)(C) expert disclosure and report of Andy Vidourek.

  1. *Deposition excerpt*

District Judge Dlott's Standing Order provides that deposition transcripts must be filed in their entirety except for good cause shown. *See* District Judge Dlott's Standing Order on Civil Procedures, I.E.3.b. In its motion for partial summary judgment, AWA relies for one of its arguments on a quoted portion of an agreement between Dickinson and Love's Travel Stops & Country Stores, Inc. (Love's). Bush seeks to introduce Mr. Henchon's deposition testimony only as it relates that agreement/argument. Dickinson, however, has designated this and many other portions of Mr. Henchon's deposition transcript as confidential. As a result, if the Court requires the filing of the entire deposition transcript, Dickinson—a non-party—would bear the significant burden of justifying the sealing of extensive portions of the deposition that are not at issue in the parties' summary judgment briefing. Under these circumstances, Bush argues that good cause supports allowing only the relevant excerpt of Mr. Henchon's deposition to be filed. Bush takes no position, however, on whether this excerpt may or should be sealed under *Shane Grp., Inc.* Dickinson adds that requiring Bush to file the entire deposition transcript would encompass the deposition exhibits, including the contract with non-party Love's, which would raise further confidentiality issues.

The Court finds good cause for filing only the proposed excerpt of Mr. Henchon's deposition in this case, which Bush submitted to the Court for *in camera* review. AWA did not object to this request, and the excerpt provided addresses the argument AWA placed in issue in its motion for partial summary judgment. The Court reserves the right to request the filing of the full deposition transcript (allowing Bush and Dickinson an opportunity to first brief the appropriateness of sealing) if circumstances change.

As to the whether the content of that deposition excerpt may be sealed, Dickinson argues that it contains "confidential testimony about discount and pricing information as well as

3

testimony about the terms of the Love's Agreement" and that several of this Court's precedents support sealing this type of information. (Doc. 184 at PAGEID 7831-32). Dickinson argues that the testimony—regarding two *non-parties*' business dealings—is tangential to the claims between Bush and AWA and thus of little interest to the public and its understanding of this dispute. Finally, Dickinson argues that it seeks to seal only six-pages of a significant record.

The Court has reviewed the excerpted testimony at issue *in camera*. Mr. Henchon's deposition testimony includes information about confidential business negotiations between Dickinson and another non-party, as well as a reference to pricing information on third-party invoices. "This Court has repeatedly 'recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings.'" *Total Quality Logistics, LLC v. Riffe*, No. 1:19-cv-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020) (quoting *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-cv-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017)). Dickinson has a compelling interest in keeping this information from public view. *See London Computer Sys., Inc. v. Zillow, Inc.*, No. 1:18-cv-696, 2020 WL 4431478, at *3 (S.D. Ohio July 31, 2020) ("[C]ompanies have a compelling interest in protecting their business strategies from competitors.").

The public's interest in non-party Dickinson's confidential business information is limited given the nature of the instant dispute between private parties. *See Peyton v. Wilmington Sav. Fund Soc'y, FSB*, No. 1:24-mc-0010, 2024 WL 4494233, at *2 (S.D. Ohio Oct. 15, 2024). *See also London Comput. Sys., Inc. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) ("the public will not need to view the parties' highly confidential business information to understand the events giving rise to this dispute, or the arguments made

4

in that motion."). The Court expects the public will be able to understand the ultimate disposition of the counterclaim without the need to review Dickinson's confidential business information. Finally, this testimony (six transcript pages) is a small portion of the overall record in this case, which supports the conclusion that the request to seal is narrowly tailored.

For the foregoing reasons, Bush's motion to seal (Doc. 178) is **GRANTED** as it relates to Mr. Henchon's testimony, and Bush may file the unredacted excerpt of the deposition transcript under seal.

2. *Expert disclosure and report*

Bush next seeks to file an unredacted version of its Rule 26(a)(2)(C) disclosure and exhibit report of Andy Vidourek under seal. Bush argues that this filing contains its confidential financial information—in particular, its gross expected income on the tractors it leases, expenses, expected truck profits and lease profits, borrowing costs, and non-party customers. Bush argues that the public's interest in this data is limited, as the summary judgment briefing is primarily directed toward liability, and therefore does not outweigh Bush's compelling interest in keeping the data confidential. Finally, Bush argues that its request is narrowly tailored, stating that it "is only proposing to seal/redact the confidential portions of the disclosure that relate to its customers, revenues, expenses, and profits[,]" and that "the bulk of this disclosure will be publicly filed as identified in the proposed redacted version submitted with this motion." (Doc. 178 at PAGEID 6273).

Bush has established a compelling interest in sealing exhibit A to this Rule 26(a)(2)(C) disclosure. "[T]his Court has found that parties met their burden to seal confidential information where the documents at issue included financial trade secret information, investments, revenues, expenses, and profit margins." *Reliant Cap. Sols., LLC v. Ram Payment, LLC*, No. 2:22-cv-

03047, 2022 WL 16569215, at *2 (S.D. Ohio Nov. 1, 2022).  Filing protected confidential business information under seal is justified where disclosure of such information on the public docket would give a significant advantage to competitors.  *Total Quality Logistics, LLC* 2020 WL 5849408, at *2.  The Court has reviewed the Rule 26(a)(2)(C) disclosure and exhibit report regarding Mr. Vidourek *in camera*[1] and confirmed that exhibit A to the filing contains confidential financial and customer information that Bush has a compelling interest in keeping from public view.

The public's interest in this information does not outweigh that compelling interest.  "[I]t does not appear that the public will need to review the specific contents of the [this exhibits] to understand either the merits of [Bush and AWA's] claims or the arguments for/against summary judgment."  *Luxottica of Am. Inc. v. Allianz Glob. Risks US Ins. Co.*, No. 1:20-cv-698, 2021 WL 735205, at *3 (S.D. Ohio Feb. 25, 2021).  This *Shane Grp., Inc.* factor also weighs in Bush's favor.

Finally, the request is narrowly tailored.  As the Court understands Bush's motion, it seeks to seal/redact only exhibit A to this Rule 26(a)(2)(C) disclosure, which includes the actual financial information and customer identities.  To that extent, the request is warranted.

As it relates to Mr. Vidourek's disclosure and expert report, Bush's motion (Doc. 178) is **GRANTED**, and Bush may leave the redacted version of exhibit A to that document on the docket.  (*See* Doc. 179-15 at PAGEID 7589).

**IT IS SO ORDERED**.

Date: 2/4/2025

Karen L. Litkovitz
United States Magistrate Judge

---

[1] Bush filed redacted versions with its opposition and motion to file under seal.  (*See* Doc. 178-2 at PAGEID 6286; Doc. 179-15 at PAGEID 7589).